I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Plaintiff w/ccrus
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-31-13

DEPUTY CLERK

FILED

JAN 3 1 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

RODNEY BROWN,                          )      Case No. CV 13-154-PA (MLG)
                                       )
                Plaintiff,             )      ORDER DISMISSING COMPLAINT WITH
                                       )               LEAVE TO AMEND
        v.                             )
                                       )
L.A. COUNTY COUNSEL, et al.,           )
                                       )
                Defendants.            )
                                       )
_____  )

## I. Facts

Plaintiff is a pretrial detainee in the Los Angeles County Jail.
He filed this pro se civil rights action pursuant of 42 U.S.C. § 1983
on January 24, 2013. Plaintiff claims that jail officials have
discriminated against him and violated his right of access to the
courts by maintaining an inadequate law library, denying himaccess
to the library, and failing to provide legal forms. He further claims
that Corrections Officer Little threatened to beat him and kick him
in the eye. Plaintiff seeks money damages and both declaratory and
injunctive relief.

//

//

## II.   **Discussion and Analysis**

### A.   **Duty to Screen**

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

The Court in *Twombly* explained that a complaint is read in conjunction with Federal Rule of Civil Procedure 8(a)(2) which

1  requires a "showing" that the plaintiff is entitled to relief,
2  "rather than a blanket assertion" of entitlement to relief. *Id.* at
3  556 n.3. While Rule 8 does not require "detailed factual
4  allegations," it nevertheless "demands more than an unadorned, the
5  defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.
6  A pleading that offers "labels and conclusions" or "a formulaic
7  recitation of the elements of a cause of action will not do."
8  *Twombly*, 550 U.S. at 555. Thus, "allegations in a complaint or
9  counterclaim may not simply recite the elements of a cause of action,
10 but must contain sufficient allegations of underlying facts to give
11 fair notice and to enable the opposing party to defend itself
12 effectively. Second, the factual allegations that are taken as true
13 must plausibly suggest an entitlement to relief, such that it is not
14 unfair to require the opposing party to be subjected to the expense
15 of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202,
16 1216 (9th Cir. 2011).

17      As will be discussed below, the complaint is deficient in that
18 it fails to state a claim upon which relief may be granted as to any
19 of the named defendants. However, as required by circuit precedent,
20 the complaint will be dismissed with leave to amend. *Lopez v. Smith*,
21 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an
22 opportunity to amend deficient pleadings unless it is clear that
23 these deficiencies cannot be overcome).

24 **B. The Complaint Fails to State a Cause of Action Upon Which**
25 **Relief May be Granted.**

26          **1. Discrimination**

27      Plaintiff first claims that he was the subject of
28 discrimination. Plaintiff does not identify any factual basis for

1  this claim. Under *Twombley* and Rule 8, an unsupported claim of

2  "discrimination" is insufficient to state a cause of action upon

3  which relief may be granted. The claim will be dismissed with leave

4  to amend.

5  ## 2. Denial of Access to the Courts

6  Plaintiff next alleges that he is being denied his right of

7  access to the courts based upon the following: (1) the inadequacy of

8  the prison law library; and (2) the failure to provide him with legal

9  forms.

10  "[P]risoners have a constitutional right of access to the

11  courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is

12  only violated if the prisoner has suffered "actual injury," *Lewis v.*

13  *Casey*, 518 U.S. 343, 351 (1996), by way of an official action that

14  hindered his or her pursuit of a "nonfrivolous" or "arguable"

15  underlying legal claim. *Id.* at 353 & 353 n.3. *See also Christopher*

16  *v. Harbury*, 536 U.S. 403, 415 (2002)(*citing Lewis*); *Phillips v. Hust*,

17  477 F.3d 1070, 1076 (9th Cir. 2007)(*citing Lewis*). In other words,

18  the prisoner must demonstrate that his legal position has been

19  somehow prejudiced in that a claim has been lost. A plaintiff must

20  show that he was actually "shut out" of court in order to state a

21  denial of access cause of action. *Christopher*, 536 U.S. at 415;

22  *Phillips*, 477 F.3d at 1076.

23  Plaintiff has failed to allege an actual injury as required by

24  *Lewis*. There is no showing that the limited library resources or the

25  denial of legal forms have prejudiced him in any way. Indeed, despite

26  his complaints, Plaintiff has not been prevented from filing two

27  civil rights complaints in the last month. Until he has suffered some

28  injury, there is no cause of action for violation of Plaintiff's

4

right of access to the courts.

### 3. **Threats and Harassment**

Plaintiff has also failed to state a federal constitutional claim against defendant Little. To the extent that Little might have harassed or threatened Plaintiff, there is no constitutional violation. *See Freeman v. Arpaio*, 125 F.3d. 732 (9th Cir. 1997)("verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.")(internal citations omitted)(quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment).

### D. **IT IS THEREFORE ORDERED as follows:**

1. The complaint is dismissed without prejudice for the reasons stated above.

2. Plaintiff has until **February 28, 2013**, to file a first amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[1] Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint. Plaintiff is advised that an amended complaint is a document stating one or more causes of action against one or more defendants. Local Rule 15-2. Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims, the specific defendant to whom the

---

[1]"Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

1   facts apply; and the nature of the relief he seeks. The first amended
2   complaint must be plainly written and legible.

3       3.   If Plaintiff fails to timely file the amended complaint,
4   or if the amended complaint fails to properly plead a cause of action
5   against any defendant, the complaint will be dismissed.

6       4.   The Court's deputy clerk shall serve on Plaintiff a copy
7   of this memorandum and order and a blank civil rights complaint form
8   bearing the case number assigned to this action and marked to show
9   that it is a "First Amended Complaint." If Plaintiff chooses to
10  continue prosecuting this action, he must use this form to the extent
11  possible and not simply attach other documents to it and attempt to
12  incorporate claims by reference to the attachments.

13

14  Dated: January 30, 2013

15

16

17  _____
    Marc L. Goldman
18  United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28